RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 FEB 26  P 2: 31

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Austin Brazell, and E.M.B., a minor child, ) ) | |
| ) | C/A No.: 9:07-991-JFA-GCK |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) ) | |
| Defendant. ) ) | |

This is an action brought by the plaintiff, David Austin Brazell and his minor child, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, claiming that the Social Security Administration had wrongfully withheld his Title II disability insurance benefits for four months.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests this court should grant the defendant's motion to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

dismiss[2] on the grounds that the court lacks subject-matter jurisdiction and because of improper venue. The Magistrate Judge provides a detailed discussion of the facts and standards of law that apply in this case, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation. Neither party filed objections to the Report.

As the Magistrate Judge notes in his Report, the defendant has represented to the court that plaintiff has received all past due benefits and that the original issue is now moot.

The plaintiff also seeks to be named representative payee for purposes of receiving his minor child's benefit payments. As the government asserts, and this court agrees, the plaintiff has brought this claim in an improper venue: He must bring the action in the district court in which he resides. In this case, the plaintiff resides in North Carolina, so any requests for changes to receivership of benefits must be addressed in that court.

After a careful review of the record, the briefs of the parties, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, the defendant's motion to dismiss is granted and this action is dismissed without prejudice.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did not respond to the motion.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

February 25, 2008  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge